**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The Altamont Road Safety Alliance, Sussane Beattie, Brenda Cale, Elaine Carter, Ron and Ava Chitty, Aaron & Heather Collins, Margaret & Robert Degiorgio, Elliot & Jennifer Earle, Laura Edge, Travis Elmore, Marilyn Endler, John Fields, Jim Hambright, Leah Hunter, Lauren Johnson, Cynthia Kinghorn, Alex Kiriakides, Jason Kraning, Elaine & Bill Landreth, Robert & Patricia Lanning, Frank & Barbara League, Louis & Ann Leblanc, Frank Lewkowicz, Forrest & Jane Long, George & Fain McDaniel, Brian Mcsharry, Ronald and Kathy Mercer, Steven & Anna Mickle, Helen & Fred Moorhead, John Parker, Audrey Pasin, Jim Sheets, Matthew Phillips, Shannon Pierce, Michael Rawls, Ronald & Tommie Reece, Daniel and Kimberley Rudzinski, Jason Seefafer, David Taylor, Ronald Trammel, Greg Valente, and Emily & Caleb Vanwingerden, Appellants,

v.

Greenville County Board of Zoning Appeals, Respondent.

Appellate Case No. 2024-001138

———————————

Appeal From Greenville County
Patrick Cleburne Fant, III, Circuit Court Judge

———————————

Unpublished Opinion No. 2026-UP-381
Heard June 10, 2026 – Filed July 22, 2026

---

**AFFIRMED**

---

Robert Clyde Childs, III, of Childs Law Firm, of
Travelers Rest, for Appellants.

Andrew F. Lindemann, of Lindemann Law Firm, P.A., of
Columbia, for Respondent.

---

**PER CURIAM:**  This case concerns Greenville County's process for reviewing requests from citizens to amend the text of the county's zoning ordinance.  The Altamont Road Safety Alliance and several residents living on Altamont Road (Appellants) submitted a request to amend parts of the zoning ordinance related to Altamont Road on Paris Mountain.  Appellants contend they are entitled to a public hearing as the first step in the review process.  Respondent, the Greenville County Board of Zoning Appeals (the zoning board), disagrees.

The zoning board unanimously affirmed the county zoning administrator's interpretation of the review process, which provided that citizen-initiated requests must first go through County Council's "Planning and Development Committee" before proceeding to any readings or public hearings.  As the initial appellate court, the circuit court concluded this interpretation did not conflict with state law or other provisions of the ordinance.  We affirm.

**STANDARD OF REVIEW**

On appeal from a zoning board's decision, we may only determine whether the decision is correct as a matter of law.  S.C. Code Ann. § 6-29-840(A) (Supp. 2025). The zoning board's findings of fact must be treated the same as a jury's factual findings, that is, any factual findings are "final and conclusive" and "the court may not take additional evidence." *Clear Channel Outdoor v. City of Myrtle Beach*, 360 S.C. 459, 464, 602 S.E.2d 76, 78 (Ct. App. 2004), *aff'd*, 372 S.C. 230, 642 S.E.2d 565 (2007); § 6-29-840(A).  We will not overturn the zoning board's decision unless "it is arbitrary, capricious, has no reasonable relation to a lawful purpose, or [constitutes an] . . . abuse[ of] discretion." *Austin v. Bd. of Zoning Appeals*, 362 S.C. 29, 33, 606 S.E.2d 209, 211 (Ct. App. 2004) (quoting *Restaurant Row Assocs. v. Horry County*, 335 S.C. 209, 216, 516 S.E.2d 442, 446 (1999)).

**ANALYSIS**

Appellants' main argument is that a particular zoning statute, section 6-29-760(A) of the South Carolina Code (2004), requires a public hearing as the first step when a local government reviews potential amendments to its zoning ordinance. Appellants contend any local ordinance creating a different procedure is contrary to state law. We disagree.

In section 3:2.3 of its ordinance, Greenville County permits County Council, the Planning Commission, or the zoning board to initiate proposed changes or amendments to the text of the county's zoning ordinance. The same section then explicitly references citizen-initiated proposals: "Petitions for text changes or amendments by any interested property owner or resident of Greenville County must first be presented to the . . . Planning and Development Committee of County Council." The provision goes on to specify, "In the event County Council recommends approval of the text change or amendment for public hearing, the text change or amendment shall be scheduled for public hearing[] and considered for adoption."

Unlike local ordinance section 3:2.3, the statute does not address text amendments to a zoning ordinance generally or requests from citizens. As relevant here, all the statute requires is a public hearing before zoning regulations are passed or amended. § 6-29-760(A). We respectfully reject Appellants' claim that the statute requires a public hearing for all proposals to amend a zoning ordinance or that it requires a public hearing as the first step in considering any proposed amendment. The statute is satisfied so long as there is a public hearing before a zoning regulation is enacted or amended. The zoning administrator's interpretation of Greenville County's process under county ordinance section 3:2.3 complies with this requirement.

The same is true for Appellants' other argument tied to the statute. Appellants contend the statute requires the Planning Commission to review proposed amendments prior to any review by County Council or any committee (such as the Planning and Development Committee). We agree the statute requires that any amendments to a zoning ordinance must be submitted to the Planning Commission "for review and recommendation" before any "change in or departure from the text . . . may be made." § 6-29-760(A). But, like the public-hearing requirement, the statute does not mandate when the Planning Commission's review must take place other than requiring its review before any changes are actually made. The zoning

administrator's interpretation of the county's process complies with this requirement too.

Appellants liken the county's process to "zoning by referendum." They cite *I'On, L.L.C. v. Town of Mount Pleasant*, which held the legislative intent behind South Carolina's "Comprehensive Planning and Enabling Act" could not have been to allow zoning by referendum. 338 S.C. 406, 412, 526 S.E.2d 716, 719 (2000). Appellants say this holding also applies to the procedure Greenville County is employing here. But in *I'On*, the processes at issue—zoning by referendum versus the newer, "more specific" procedures set forth in the Enabling Act—were "obvious[ly] incompatib[le]." *Id.* at 415, 526 S.E.2d at 721. As explained above, Greenville County's process does not conflict with or violate section 6-29-760(A), and that lack of conflict meaningfully distinguishes this case from *I'On*. *See McKeown v. Charleston Cnty. Bd. of Zoning Appeal*, 347 S.C. 203, 207, 553 S.E.2d 484, 486 (Ct. App. 2001) ("In order for there to be a conflict between a State law and a municipal ordinance, both must contain either express or implied conditions that are inconsistent and irreconcilable with each other." (quoting *Wrenn Bail Bond Serv., Inc. v. City of Hanahan*, 335 S.C. 26, 29, 515 S.E.2d 521, 522 (1999))).

Appellants also argue that the zoning administrator's interpretation of local ordinance section 3:2.3 cannot stand because it is inconsistent with other provisions in the same section of Greenville County's ordinance. Any inconsistencies do not change our view for two reasons. First, when "two provisions deal with the same issue, one in a general and the other in a more specific and definite manner, the more specific prevails." *Mikell v. County of Charleston*, 386 S.C. 153, 160, 687 S.E.2d 326, 330 (2009). Section 3:2.3 is the only provision in the county's ordinance that mentions citizen-initiated text amendments, and the language requiring those proposed amendments to first go through the Planning and Development Committee is explicit. Second, we do not find that requirement unusual. Legislative bodies commonly filter proposed amendments from citizens through local leaders and committees for formal introduction or sponsorship. Given the specificity in and practicality of the procedure section 3:2.3 outlines, the zoning administrator's interpretation is reasonable. *See Austin*, 362 S.C. at 33, 606 S.E.2d at 211 (providing this court will not overturn the board's decision unless "it is arbitrary, capricious, has no reasonable relation to a lawful purpose, or [constitutes an] . . . abuse[ of] discretion" (quoting *Restaurant Row*, 335 S.C. at 216, 516 S.E.2d at 446)).

**CONCLUSION**

The process described by the local zoning administrator is not contrary to any state law nor is it an "arbitrary or clearly erroneous" interpretation of the ordinance. *Clear Channel*, 360 S.C. at 464, 602 S.E.2d at 78. Therefore, we affirm the administrator's interpretation that citizen-initiated text amendments must first go through the Planning and Development Committee before further consideration.

That reasoning controls the outcome. We therefore decline to address any remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling it unnecessary for appellate courts to address remaining issues when the resolution of a prior issue is dispositive).

**AFFIRMED.**

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**